### H. O. STEIN, EXECUTOR, v. OSCAR MENTZ ET AL.

#### Decided February 15, 1906.

**1.—Citation by Notice—Articles 1230 to 1234, Revised Statutes, Construed.**

A citation by notice to nonresident defendants was addressed to them at one place, and served upon them at a different place. Held, sufficient. The statute does not require the notice in such case to be served upon the defendant in the county of his residence, and as the citation is not addressed to nor required to be served by an officer, the question of the performance of an official act outside of the territorial jurisdiction of the officer is not involved.

**2.—Heirship—Evidence.**

Evidence considered, and held sufficient to support the judgment of the court on an issue of heirship.

Appeal from the District Court of Galveston County. Tried below before Hon. Robert G. Street.

*Terry, Cavin & Mills,* for appellant.—The court erred in refusing to continue the cause for the purpose of obtaining proper and legal service upon the defendants, Campbell Boyd and wife.

The judgment of the court is without evidence to support it.

*A. R. Hopkins, H. W. Rhodes, John E. Linn* and *Joseph H. Wilson,* for appellees.—The service of notice upon the defendants was perfect and in compliance with the statute. Rev. Stats., arts. 1230 and 1234; Jones v. Jones, 60 Texas, 455.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant, as independent executor of the will of C. A. Sachtleben, deceased, for the purpose of having adjudicated the adverse claims of the heirs of said Sachtleben, and the heirs of his deceased wife, Annie Sachtleben, to distributive portions of the residuary estate held by plaintiff as such executor.

The petition alleges, in substance, that by the terms of the will of

C. A. Sachtleben all of his estate remaining, after the payment of his debts and certain legacies bequeathed by said will, was devised to his wife, Annie Sachtleben, but that the said Annie Sachtleben· having died prior to the death of the testator, said devise to her had lapsed, and as to the residuary estate the said C. A. Sachtleben died intestate; that the greater portion, if not all, of said estate, was the community property of C. A. and Annie Sachtleben, and that plaintiff has no information as to who are the heirs of the said Sachtlebens; that defendants Oscar Mentz and Selma Rautenberg, wife of H. Rautenberg, who reside in the Empire of Germany, claim to be the only heirs of said C. A. Sachtleben, and as such entitled to receive the whole of said residuary estate; and defendants Margaret and Richard Schnock, who also reside in the Empire of Germany, claim a portion of said estate as heirs; and defendant Fannie Isabel Boyd and her husband, Campbell Boyd, who reside in the city of London, England, claim the whole of said estate. The prayer of the petition is for notice and citation to the named defendants, and citation by publication to the unknown heirs of C. A. and Annie Sachtleben, "to appear and assert and defend whatever rights they may have in said estate, and that, upon a hearing of the suit, judgment shall be rendered directing plaintiff to deliver the estate to ·the persons found by the court to be entitled to receive same."

Notice was issued and served upon each of the named defendants, and the unknown heirs of C. A. and Annie Sachtleben were duly and regularly cited by publication.

The defendants Oscar Mentz and Selma Rautenberg, joined by her husband, answered, claiming all of said estate as the only heirs of C. A. Sachtleben, and specially denying that the other defendants were heirs or were entitled to any interest in the estate. None of the other defendants answered.

The cause was tried without a jury, and judgment was rendered in favor of the defendants Oscar Mentz and Selma Rautenberg, declaring them to be the only heirs-at-law of C. A. Sachtleben, and directing plaintiff to deliver said residuary estate to them. From this judgment plaintiff below prosecutes this appeal.

The first assignment of error complains of the ruling of the trial court in not sustaining plaintiff's motion to quash the service upon the defendants Campbell and Fannie Isabel Boyd, and continue the cause for the purpose of obtaining proper service of notice upon said defendants.

The only objection made to the service is that the return shows that the citation, which was addressed to said defendants at London, England, was served upon·them at Berwyn, in the county of Surrey, England. We think this objection is without merit. The statute does not require the notice to be served upon the defendant in the county of his residence, and, as the citation is not addressed to nor required to be served by an officer, but can be served by any disinterested person competent to make oath of the fact, the question of the performance of an official act outside of the territorial jurisdiction of the officer is not involved. The return in question fully identifies the persons who were served as the defendants named in the citation, and is properly veri-

fied by the affidavit of the person who made it and whose competency is not questioned. The service was sufficient, and the assignment can not be sustained. (Rev. Stats., arts. 1230 to 1234.)

The remaining assignments challenge the judgment on the ground that it is unsupported by the evidence, in that there is no sufficient evidence to authorize the finding that Annie Sachtleben, wife of appellant's testator, "died without leaving surviving her either child or children or their descendants, or father or mother or brother or sister, and that the entire estate involved in this suit, including the community interest of said Annie Sachtleben, was and became vested in her husband in his lifetime, and descended to his heirs or next of kin," and no sufficient evidence to show that the appellees Oscar Mentz and Selma Rautenberg were the only heirs of C. A. Sachtleben, and as such entitled to receive said estate.

These assignments can not be sustained. There is nothing in the evidence which indicates when the property in the hands of appellant was acquired by his testator, but assuming, as we are authorized to do under article 2969 of the Revised Statutes, that it was acquired during the existence of the marriage relation, and that, as alleged in the petition, "the greater portion, if not all of it, was community property," we think the evidence is sufficient to sustain the finding that Mrs. Sachtleben left no children surviving her, and therefore, upon her death, her interest in the community estate vested in her husband. (Rev. Stats., art. 1696.)

While the evidence upon this point is not as full and positive as it should be, it is uncontradicted, and discloses the following facts: Sachtleben and his wife lived in London, England, and both died there. Mrs. Sachtleben died in February and Sachtleben in July, 1901. No one has ever claimed any portion of the estate as an heir of Mrs. Sachtleben except the defendant Fannie Isabel Boyd, who claimed to be an adopted child of Mrs. and Mr. Sachtleben. Sachtleben is shown to have left a will, which was probated in England, and by which his property there was bequeathed to Mrs. Boyd, who he refers to in said will as his niece, and to his wife.

Mrs. Bertha Hopkins, after stating that she knew C. A. Sachtleben in his lifetime, further testified as follows:

"I never knew Mr. Sachtleben's wife; she was not in this country. He told me he had married a lady in England—that is, I heard him say, I believe—during the war, and that they had a little girl there in the house; that is all I know. I heard him only say that she said to him that she was niece of hers. I didn't ever ask him if she was his niece. He said she was his wife's niece. I know he is dead. His wife is dead —I heard so; he wrote me that she was dead. I know his handwriting well, and that was his letter. Mr. Sachtleben made our household his home during the greater portion of his time in America. He had numerous friends, but his home was in our house. He talked over his family affairs with my mother. I knew of his sister when she was living, and when her husband was living. I didn't know her personally. I knew of her because I have seen him make out money orders to send to her. I knew that from him—what he told me about his family affairs. He told me his only sister and her children constituted

his kin. Her name was Mrs. Mentz. I think he wrote me she was dead, but I can't remember whether he was in Galveston at the time. This nephew and niece who are asserting rights here are her children, so told to me by Mr. Sachtleben. Mr. and Mrs. Sachtleben had no children as issue of their marriage to my knowledge; I never heard him speak of it. I could not say definitely whether Mrs. Sachtleben has any kin living. Sometimes Mr. Sachtleben said the girl in the house was her niece; that is the only one I know. Mr. Sachtleben's place of residence was in London, he said, and when he was here he lived in Galveston. His domicile was 95 Denmark Hill, London. He told me Miss Fanny Priest, who is now Mrs. Boyd, was Mrs. Sachtleben's niece. As to the other, I saw him write to and call them "dear niece," but I never saw any letters to her. I was born in '64, at the end of the war, and I think they (Mr. and Mrs. Sachtleben) were married at the end of the war or during the war. As long as I remember they had been married."

As we have before stated, Mrs. Boyd, though duly served with notice of this suit, failed to answer and prosecute her claim to any portion of the estate.

We think it can be reasonably inferred, from the facts shown by the evidence above set out, that Mrs. Sachtleben left no child or descendant of a child surviving her, and therefore the finding of the trial court upon this issue is not without evidence to support it. The testimony upon the issue of the heirship of appellees is also uncontradicted, and is amply sufficient to sustain the finding of the trial court.

In addition to the testimony of Mrs. Hopkins, above set out, Mrs. Minnie Clausen testified as follows:

"I live in Galveston. I know Mr. Mentz; he is a relation of mine; Selma Rautenberg is my sister-in-law. My maiden name was Rautenberg. The husband of the lady who claims to be a niece is my brother. I was born in Germany, in ——; Oscar Mentz and Mrs. Selma Rautenberg lived about fifty miles from where I was born. I left Germany in 1893 and came to America. I was married in this country. I was at the home of Mrs. Rautenberg's mother, Mrs. Mentz, very often; she was living then; she is dead now. She had two children, a boy and a girl. I knew the family well, and these two children were Oscar Mentz and Selma Rautenberg. I have often heard her say Mr. Sachtleben was her brother; I heard her talk about him as her brother. She mentioned no other brother or sister than Mr. Sachtleben. She had only one brother, so she told me."

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.